UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED MCZEAL,<br><br>      Plaintiff,<br><br>    v.<br><br>SOLON HOUSE, LLC, et al.,<br><br>      Defendants. | Case No. 23-cv-00297-KAW<br><br>**ORDER GRANTING IN PART DEFENDANT RE/MAX GOLD'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

On April 28, 2023, Defendant Peninsula Gold, Inc. dba RE/MAX Gold filed a motion to dismiss pro se Plaintiff Alfred McZeal's complaint. The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b) and GRANTS IN PART and DENIES IN PART Defendant's motion.

## I. BACKGROUND

On January 20, 2023, Plaintiff filed a pro se complaint against multiple defendants, alleging various claims arising from the sale of his property and subsequent eviction.[1] (Compl., Dkt. No. 1.) The same day, the Clerk of Court issued summonses which list Robert Sampia, Jr. as a second plaintiff. (*See* Dkt. No. 3.) On April 11, 2023, Plaintiff filed a proof of service for each summons. (Dkt. No. 7.) The relevant proof of service here indicates that Sampia received the summons for Defendant on April 7, 2023, and personally "mailed priority" the summons to 345 Gellert Blvd. Suit A in Daly City, California. (Dkt. No. 7 at 15.)

On April 28, 2023, Defendant filed a motion to dismiss. (Def.'s Mot., Dkt. No. 9.) On May 12, 2023, Plaintiff filed an opposition and separate objections to the motion. (Pl.'s Opp'n,

---

[1] Because the present motion challenges the complaint only on procedural grounds, the underlying claims are not relevant to this opinion.

1  Dkt. No. 23; Pl.'s Obj., Dkt. No. 24.)  On May 19, 2023, Defendant filed a reply.  (Def.'s Reply,
2  Dkt. No. 25.)

## II. LEGAL STANDARD

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Federal Rule of Civil Procedure 12(b)(4) allows a party to seek dismissal for insufficient process while 12(b)(5) allows a party to seek dismissal for insufficient service of process.

> Rule 12(b)(4) permits a defendant to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. In contrast, Rule 12(b)(5) permits a defendant to challenge the mode or method of service of the summons and complaint.

*Razavi v. Regis Corp.*, No. 5:15-cv-02574-EJD, 2016 WL 97438, at *2 (N.D. Cal. Jan. 8, 2016).

A summons must (1) name the court and the parties; (2) be directed to the defendant; (3) state the name and address of the plaintiff's attorney or the pro se plaintiff; (4) state the time within which the defendant must appear and defend; (5) notify the defendant that failure to appear will result in a default judgment; (6) be signed by the clerk; and (7) bear the court's seal.  Fed. R. Civ. P. 4(a)(1).  "Dismissals for defect in the form of summons are generally disfavored."  *U.S.A. Nutrasource, Inc. v. CAN Ins. Co.*, 140 F. Supp. 2d 1049, 1052 (N.D. Cal. 2001).  "Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice."  *Chan v. Soc'y Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994).

A corporation, partnership, or association such as Defendant must be served by (1) delivering a copy of the summons and complaint to an officer or authorized agent to receive service of process or (2) following state law for service in the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(h)(1); Fed. R. Civ. P. 4(e)(1).  Under California law, to effectuate service by mail, a copy of the summons and complaint must "be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment … and a return envelope, postage prepaid, addressed to the sender."  Cal. Civ. Proc. Code. § 415.30(a).  Service by mail is "complete on the

date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." *Id.* at § 415.30(c). When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### III. DISCUSSION

Defendant argues it has not been properly served because the Federal Rules of Civil Procedure do not themselves authorize service by mail and Plaintiff "neither included the requisite notice and acknowledgement of receipt of summons in the packet of documents … nor attached the signed acknowledgement of receipt of summons with their filed proof of service" as required by California law. (Def.'s Mot. at 3-4.) Additionally, it argues the summons is defective because it does not provide Plaintiff's address. (Def.'s Mot. at 5.) Thus, it requests that the Court dismiss the complaint or, in the alternative, quash service of the summons. (Def.'s Mot. at 5.)

Plaintiff responds that "Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action with a request that defendant waive service of summons." (Pl.'s Opp'n at 3.) He argues that dismissal due to service issues would unfairly prejudice him and rather than dismissing the case, the Court should allow service by written notice under Rule 4(d) "in the interest of resolving the case on its merits." (Pl.'s Opp'n at 4.)

Defendant replies that it "has not and will not voluntarily waive service" nor has Plaintiff followed the proper procedures to request waiver and "Plaintiffs' Complaint should be dismissed or quashed for their failure to cause service of the complaint and summons per the Federal Rules of Civil Procedure." (Def.'s Reply at 2-3.)

Looking first to the contents of the summons, the Court finds dismissal pursuant to Rule 12(b)(4) is not warranted. The only defect in the summons Defendant identifies is the failure to include Plaintiff's address. (Def.'s Mot. at 5.) However, Defendant does not argue that it suffered actual prejudice from this failure. *See Chan*, 39 F.3d at 1404 (requiring party to show actual prejudice to justify dismissal). The Court doubts such prejudice could be shown given that

1   Plaintiff's address is reflected on the civil cover sheet and on the docket in this case.

2   However, Plaintiff has not effectuated proper service of process. There is no dispute that
3   Plaintiff mailed the summons and complaint rather than attempting personal service on
4   Defendant's officer or authorized agent. While California law allows service by mail, such is only
5   valid if a signed acknowledgment is returned. *Wang v. Governor of California*, 539 F. App'x 733,
6   733 (9th Cir. 2013). There is no indication Plaintiff included the necessary acknowledgment or
7   that Defendant signed such. Accordingly, Plaintiff's attempted service by mail is not valid.

8   Contrary to Plaintiff's arguments, Rule 4(d) does not allow the Court to simply conclude
9   service was proper because Defendant received notice of this lawsuit because service must be
10  accomplished for the Court to have jurisdiction over Defendant. *See Jones v. Cnty. of San*
11  *Bernardino*, No. EDCV 21-695 JGB (SPx), 2022 WL 3013060, at *3 (C.D. Cal. May 19, 2022)
12  ("Without substantial compliance with Rule 4, neither actual notice nor simply naming the
13  defendant in the complaint will provide personal jurisdiction.") (citing *Direct Mail*, 840 F.2d at
14  688). Rather, Rule 4(d) simply provides a process by which a plaintiff can request that a
15  defendant waive service of process and, should the defendant refuse, obtain the costs associated
16  with serving the defendant. Fed. R. Civ. P. 4(d)(1)-(2). There is no indication Plaintiff properly
17  requested such a waiver, and even if he had, based on Defendant's unwillingness to waive service,
18  he would still be required to properly serve Defendant. He has failed to do so.

19  Having concluded that service was insufficient, the Court must exercise its discretion in
20  determining whether to dismiss the action or quash service and allow a period of time for Plaintiff
21  to effectuate service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).
22  The Court declines to dismiss the action because (1) there is no indication Plaintiff would be
23  unable to effect proper service if given another opportunity to do so; (2) there does not appear to
24  be any prejudice to the Defendant caused by Plaintiff's failure to serve it; and (3) dismissal for
25  insufficient service of process at this time "would likely be inappropriate" based on Plaintiff's pro
26  se status. *Vu v. Internal Revenue Serv.*, No. 15-cv-02397, 2016 WL 1573413, at *3 (S.D. Cal.
27  Apr. 18, 2016) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984)). The Court also
28  exercises its discretion to expand the period for service under Federal Rule of Civil Procedure

4(m) to allow Plaintiff an opportunity to effectuate proper service. *Id.*

## IV.   CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion such that the Court quashes Plaintiff's attempted service but DENIES the motion to the extent it requests dismissal. Within sixty days of this order, Plaintiff shall serve Defendant in accordance with Federal Rule of Civil Procedure 4. Failure to do so may result in dismissal without prejudice without any further notice.

IT IS SO ORDERED.

Dated: August 4, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge