UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED MCZEAL,<br><br>    Plaintiff,<br><br>v.<br><br>SOLON HOUSE, LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-00297-KAW<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; ORDER DENYING PLAITNIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 17, 20 |

On May 2, 2023, Defendants Solon House, LLC; the Del Prado Family Trust; Bennett Hong; B. Hong Pro Fiduciary; Glasser & McDonagh; Stephen Bernard McDonagh; and Bradford Wang (collectively, "Defendants") moved to quash service on them and dismiss Plaintiff Alfred McZeal Jr.'s complaint. Plaintiff moved to strike Defendants' motion. The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Defendants' motion and DENIES Plaintiff's motion.

## I.   BACKGROUND

On January 20, 2023, Plaintiff filed a pro se complaint against Defendants and RE/MAX Gold,[1] alleging various claims arising from the sale of his property and subsequent eviction.[2] (Compl., Dkt. No. 1.) The same day, the Clerk of Court issued a summons to each Defendant. (*See* Dkt. No. 3.) On April 11, 2023, Plaintiff filed a proof of service for each summons. (Dkt. No. 7.) The relevant proofs of service all indicate that the summons was "mailed priority" to each

---

[1] RE/MAX Gold's motion to dismiss is addressed in a separate order.
[2] Because the present motion challenges the complaint only on procedural grounds, the underlying claims are not relevant to this opinion.

1  of the Defendants. (Dkt. No. 7.)

2  On May 2, 2023, Defendants filed a motion to dismiss. (Defs.' Mot., Dkt. No. 20.) On
3  May 9, 2023, Plaintiff filed an opposition and separate objections to the motion. (Pl.'s Opp'n,
4  Dkt. No. 18; Pl.'s Obj., Dkt. No. 19.) Also on May 9, Plaintiff filed a motion to strike
5  Defendant's motion to dismiss. (Pl.'s Mot., Dkt. No. 20.) On May 23, 2023, Defendants filed a
6  reply in support of their motion to dismiss as well as a response in opposition to Plaintiff's motion
7  to strike. (Defs.' Reply, Dkt. No. 28; Defs.' Opp'n, Dkt. No. 27.)

## II.   LEGAL STANDARD

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Federal Rule of Civil Procedure 12 (b)(5) allows a party to seek dismissal for insufficient service of process, which is a challenge to the mode or method of service of the summons and complaint. *Razavi v. Regis Corp.*, No. 5:15-cv-02574-EJD, 2016 WL 97438, at *2 (N.D. Cal. Jan. 8, 2016).

Pursuant to Rule 4(e), an individual may be served by delivering a copy of the summons and complaint to the individual personally; leaving a copy of each at the individual's dwelling with a person of suitable age and discretion who resides there; delivering a copy of each to an authorized agent for the individual; or complying with state law for service in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e). A corporation, partnership, or association must be served by (1) delivering a copy of the summons and complaint to an officer or authorized agent to receive service of process or (2) following state law for service in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1); Fed. R. Civ. P. 4(e)(1). Under California law, to effectuate service by mail, a copy of the summons and complaint must "be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment … and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code. § 415.30(a). Service by mail is "complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." *Id.* at § 415.30(c). When the validity of

service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### III.  DISCUSSION

Defendants argue service was improper because Plaintiff did not personally serve them, did not attempt or effectuate any kind of substituted service, and did not properly request they waive service. (Defs.' Mot. at 2-3.) Plaintiff responds that Defendants' motion is untimely because a response was due by April 29, 2023; Defendants failed to attach a memorandum and points of authority to their motion; Defendants did not properly serve the motion on all parties; and granting the motion would be prejudicial to him because he has applications for default pending. (Pl.'s Opp'n at 3-5.) On May 9, 2023, Plaintiff filed a motion to strike Defendant's motion based on the same arguments contained in his opposition. (Pl.'s Mot., Dkt. No. 20.)

The Court concludes Plaintiff has not effectuated proper service of process. There is no dispute that Plaintiff mailed the summons and complaint to each Defendant rather than attempting personal service on them or their authorized agents. While California law allows service by mail, such is only valid if a signed acknowledgment is returned. *Wang v. Governor of California*, 539 F. App'x 733, 733 (9th Cir. 2013). There is no indication Plaintiff included the necessary acknowledgments or that Defendants signed such. Accordingly, Plaintiff's attempted service by mail is not valid.

Having concluded that service was insufficient, the Court must exercise its discretion in determining whether to dismiss the action or quash service and allow a period of time for Plaintiff to effectuate service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). The Court declines to dismiss the action because (1) there is no indication Plaintiff would be unable to effect proper service if given another opportunity to do so; (2) there does not appear to be any prejudice to the Defendants caused by Plaintiff's failure to serve them; and (3) dismissal for insufficient service of process at this time "would likely be inappropriate" based on Plaintiff's pro se status. *Vu v. Internal Revenue Serv.*, No. 15-cv-02397, 2016 WL 1573413, at *3 (S.D. Cal. Apr. 18, 2016) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984)). The Court also exercises its discretion to expand the period for service under Federal Rule of Civil Procedure

1  4(m) to allow Plaintiff an opportunity to effectuate proper service. *Id.*

2  Plaintiff's arguments—presented both in opposition to the motion to dismiss and in support of his motion to strike—are all unavailing. While Plaintiff argues Defendants' motion is untimely, Defendants' time to respond begins to run after service occurs or after they waive service. *See* Fed. R. Civ. P. 12(a)(1)(A). Because Plaintiff's attempt at service was insufficient, Defendants time to respond has not started to run. As to Plaintiff's argument that Defendants failed to file a memorandum in support of their motion, such is factually incorrect as a memorandum was filed, and the certificate of service indicates it was served on Plaintiff. (*See* Dkt. No. 17-2.) Plaintiff asserts Defendants did not properly serve the motion on all parties because the proof of service fails to serve RE/MAX Gold's attorney. (Pl.'s Opp'n at 4.) However, Defendants properly served RE/MAX Gold with their motion by "filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E). Finally, Plaintiff's prejudice argument is moot because his motions for entry of default against the Defendants were denied on May 9, 2023. (Dkt. No. 21.)

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion such that the Court quashes Plaintiff's attempted service but DENIES the motion to the extent it requests dismissal. The Court DENIES Plaintiff's motion to strike. Within sixty days of this order, Plaintiff shall serve Defendants in accordance with Federal Rule of Civil Procedure 4. Failure to do so may result in dismissal without prejudice without any further notice.

IT IS SO ORDERED.

Dated: August 4, 2023

KANDIS A. WESTMORE
United States Magistrate Judge