United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED MCZEAL, | Case No.  4:23-cv-00297-KAW |
| Plaintiff, | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| v. | |
| SOLON HOUSE, LLC, et al., | Re: Dkt. Nos. 37, 38, 39, 42 |
| Defendants. | |

On August 4, 2023, the Court separately quashed Plaintiff's attempted service on Defendants RE/MAX Gold (Dkt. No. 37) and Defendants Solon House, LLC, the Del Prado Family Trust, Bennett Hong, B. Hong Pro Fiduciary, Glasser & McDonagh, Stephen Bernard McDonagh, and Bradford Wang (Dkt. No. 38).  In quashing service of process, the Court ordered Plaintiff to serve all defendants in accordance with Federal Rule of Civil Procedure 4, and to do so within 60 days of that order. *Ids.* at 5.  Plaintiff was advised that the failure to timely serve "may result in dismissal without prejudice without any further notice." *Ids.*

The last date to complete service was October 3, 2023, and to date, no certificates of service have been filed.  On October 16, 2023, the Court issued an order to show cause requiring Plaintiff to explain "why this matter should not be dismissed for failure to comply with the court-ordered service deadline." (Dkt. No. 39 at 1.)  Plaintiff was ordered to respond by October 27, 2023. *Id.* Plaintiff was further ordered to serve all defendants and file the certificates of service on the docket by October 27, 2023. *Id.*  Plaintiff was advised that "[t]he failure to both respond to this order to show cause and serve all defendants will result in this case being dismissed without prejudice." *Id.*

Plaintiff did not timely respond to the order to show cause or file the certificates of service.

United States District Court
Northern District of California

1   However, on November 16, 2023, Plaintiff filed an administrative request for an extension of time

2   to file the response to the order to show cause. (Dkt. No. 40.)  Plaintiff also filed a response to the

3   order to show cause. (Pl.'s Resp., Dkt. No. 41.)  Therein, Plaintiff explained that he had not

4   realized that service had been quashed, because he had been recovering from "recent medical

5   challenges." *Id.* at 1.  Plaintiff then assured the Court that he had engaged a professional process

6   server and was prepared to proceed with his case. *Id.* at 2, 4.

7       On November 22, 2023, the Court was satisfied with Plaintiff's response and discharged

8   the order to show cause, and again extended Plaintiff's time to serve Defendants to December 29,

9   2023. (Dkt. No. 42 at 2.)  The Court advised Plaintiff that there would be no further extensions,

10  and that "if the certificates of service [were] not filed by that date, the case may be dismissed

11  without prejudice pursuant to Federal Rule of Civil Procedure 4(m)." *Id.*

12      On December 29, 2023, summons was returned unexecuted against Defendants The Del

13  Prado Family Trust, Bennett Hong, B. Hong Pro Fiduciary, Glasser & McDonagh, because the

14  process server was unable to effect service. (Dkt. No. 43.)  There is no indication that service

15  attempts were made on the remaining defendants, as Plaintiff did not file any other documents on

16  the public docket.

17      All parties have consented to the jurisdiction of the undersigned in accordance with 28

18  U.S.C. § 636(c). (Dkt. Nos. 6, 29, 29-1, 30.)  Federal Rule of Civil Procedure 4(m) requires the

19  Court, "on its own after notice to the plaintiff" to "dismiss the action without prejudice against that

20  defendant or order that service be made within a specified time."  The Court had already ordered,

21  on three separate occasions, that service be made by a specified date. (*See* Dkt. Nos. 37, 39, 42.)

22  The latter two orders explicitly cautioned Plaintiff that the case would be dismissed if the

23  defendants were not timely served. (Dkt. No. 39 at 1; Dkt. No. 42 at 2.)  Despite these

24  admonitions, Plaintiff has not served the defendants as ordered, which makes the case subject to

25  dismissal under Rule 4(m).  The Court notes that the case is separately subject to dismissal

26  pursuant to Federal Rule of Civil Procedure 41(b), because Plaintiff has failed to comply with

27  multiple court orders requiring him to serve Defendants in accordance with Rule 4.

28  //

1        Accordingly, the case is dismissed against all defendants without prejudice, and the Court

2   will issue a separate judgment in Defendants' favor.   The Clerk shall close the case.

3        IT IS SO ORDERED.

4   Dated: January 24, 2024

5                                                          _____
                                                           KANDIS A. WESTMORE
6                                                          United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California